IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY V. REYNOLDS, | No. C 10-4893 SI |
| Plaintiff, | **ORDER DENYING JOINT MOTION TO VACATE SUMMARY JUDGMENT ORDER** |
| v. | |
| ALLSTATE INSURANCE CO., *et al.*, | |
| Defendants. | |

This action was filed by plaintiff Gary Reynolds in Alameda County Superior Court in September, 2010. Defendant Allstate Insurance Co. removed it to this Court in October, 2010. On January 23, 2012, this Court granted summary judgment in favor of plaintiff Reynolds and against defendant Allstate. Allstate appealed, and through the Ninth Circuit Mediation Program, the parties settled. As part of that settlement, the parties jointly moved to vacate the Summary Judgment Order. Having carefully considered the papers submitted, the Court DENIES the motion to vacate the Summary Judgment Order.

**BACKGROUND**

This case arose from a motorcycle accident in which the motorcycle passenger, Janice Costanzo, and motorcycle operator, Gary Reynolds, both suffered severe damages. The other vehicle involved in the accident was uninsured, and Costanzo sued Reynolds for relief. In that underlying state court personal injury action, Allstate was representing Reynolds subject to a reservation of rights to deny coverage to plaintiff as to liability for Costanzo's damages, based on an exclusion in the insurance policy. Reynolds subsequently filed this lawsuit seeking a declaration that Allstate was obligated to

defend and indemnify Reynolds under the terms of Allstate's policy against the personal injury damage claims made by Costanzo in the underlying action.

On January 23, 2012, this Court granted summary judgment in favor of plaintiff Gary Reynolds and against defendant Allstate Insurance Co. The Court found that under the principles of insurance policy interpretation, there was an ambiguity in the exclusion, and that a reasonable insured could expect coverage. Additionally, the Court found that the exclusion was not plain and clear, and thus should be strictly construed against Allstate.

Allstate appealed the Summary Judgment Order to the Ninth Circuit. Through the Ninth Circuit Mediation Program, the parties resolved both the appeal and the underlying tort action. As part of that global settlement, the parties jointly moved to vacate the Summary Judgment Order.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 60(b), a district court may "relieve a party or a party's legal representative from a final judgment, order, or proceeding" for a number of reasons. In determining whether to vacate a judgment, district courts must take into account "the consequences and attendant hardships of dismissal or refusal to dismiss" and "the competing values of finality of judgment and right to relitigation of unreviewed disputes." *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995)). Courts are not obliged to vacate a prior order at the behest of the parties in order to facilitate settlement. *See Bates v. Union Oil Co.*, 944 F.2d 647, 650 (9th Cir. 1991). The Ninth Circuit has recognized that if courts were required to vacate prior rulings after settlement "any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 721 (9th Cir. 1982).

## DISCUSSION

The parties argue that vacatur will promote mediation and settlement. The Ninth Circuit and judicial policy have long-favored mediation and settlements. *See Officers for Justice v. Civil Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (finding that "voluntary

conciliation and settlement are the preferred means of dispute resolution"). The Ninth Circuit has developed a special mediation program that the parties utilized to resolve their differences in a global settlement.

Although the Court recognizes the value of settlements, in this case the considerations weighing against vacating the Summary Judgment Order persuade the Court that vacatur would be inappropriate here. The interpretation of the exclusion in Allstate's insurance policy may arise again with different litigants. "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by vacatur." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26-27 (1994) (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). The only "public interest" in vacatur urged by the parties is the utility of settlement, and here settlement has now been accomplished. The parties did not share the terms of the settlement with the Court, as they "are confidential" (Barnes Decl., ¶ 4), but they state that one "material term" was their commitment "to file a joint motion seeking vacatur" of the summary judgment order. That motion having been filed, the settlement has presumably been consummated.

For the foregoing reasons, the joint motion to vacate the Court's Summary Judgment Order is DENIED.

**IT IS SO ORDERED.**

Dated: October 4, 2012

SUSAN ILLSTON
United States District Judge

3